# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ABREU,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>K. ENGLERT, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:10-CV-01574-OWW-DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING CASE TO KINGS COUNTY SUPERIOR COURT (DOC. 4)<br><br>ORDER DENYING OTHER PENDING MOTIONS AS MOOT |

Plaintiff Armando Abreu ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action. Plaintiff filed this action in Kings County Superior Court on June 3, 2010. This action was removed by Defendants Englert, Morris, Reyes, Enenmoh, and Schaper on August 30, 2010. On September 14, 2010, Plaintiff filed a motion to remand the action. Doc. 4. On March 24, 2011, the Court ordered Defendants to respond to Plaintiff's motion to remand. Doc. 13. On March 29, 2011, Defendants filed their response. Docs. 14, 15.

Regarding the motion to remand, Defendants concede that they were served the summons and complaint on July 20, 2010. Defs.' Response, Doc. 15. Defendants' counsel did not receive notice until August 23, 2010. *Id.* Nonetheless, Defendants' notice of removal is untimely.

A defendant may remove a state civil action to federal court if the action could have been brought in federal court initially. 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1446(b),

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or

1

proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"[T]he [§ 1446(b)] time limit is mandatory and a timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). Plaintiff's objection is timely. 28 U.S.C. § 1447(c). Because Defendants were served on July 20, 2010, they had up to August 20, 2010 in which to file their notice of removal. The notice is untimely, and this action will be remanded. Because this action will be remanded, all other pending motions are denied as moot.

Accordingly, it is HEREBY ORDERED that

1) Plaintiff's motion to remand, filed September 14, 2010, is GRANTED;

2) All other pending motions are denied as moot;

3) This action is REMANDED to Kings County Superior Court; and

4) The Clerk of Court is directed to mail a certified copy of this order of remand to the clerk of the Kings County Superior Court.

IT IS SO ORDERED.

Dated:  **March 31, 2011**           /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE